UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| AMADO ZARATE, on behalf of himself and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TAYLOR ATLANTIC, LLC, )<br>and JAMES S. TAYLOR, )<br>)<br>Defendants. ) | CIVIL ACTION NO. _____ |

## CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a class action brought by Representative Plaintiff Amado Zarate, on behalf of himself and all other similarly situated current and former employees who worked as employees Taylor Atlantic, LLC and James S. Taylor. Plaintiff is a former of employee of Defendants Taylor Atlantic, LLC and James S. Taylor. It is the policy of Defendants to not pay their employees the overtime rate for hours worked beyond 40 per week.

2. Defendant Taylor Atlantic, LLC is a company engaged in the business of industrial and commercial demolition and recycling in and around the southeast United States. Defendant James S. Taylor is the owner of Defendant Taylor Atlantic, LLC.

3. Plaintiff brings this action, on behalf of himself and other similarly situated

current and former employees of Defendants, as a class action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants have substantial and systematic contacts in this district.

## PARTIES

6. Defendant Taylor Atlantic, LLC ("Taylor Atlantic") is a Georgia limited liability company with its principal place of business located in Brunswick, Georgia. Taylor Atlantic's registered agent for service of process is Kimberly Taylor, located at 1201 Cedar St., Brunswick, Georgia 31520.

7. Defendant James S. Taylor ("Taylor") is the owner of Taylor Atlantic. Upon information and belief, Taylor oversees the day-to-day financial operation of Taylor Atlantic and has operation control over the human resources and compensation aspects at Taylor Atlantic.

8. Defendant Taylor is a resident of the State of Georgia and may be served

with process at 1201 Cedar St., Brunswick, Georgia 31520.

9. Plaintiff Amado Zarate (hereinafter "Plaintiff") is an adult who resides in Chatham County in the State of Georgia. Plaintiff's Notice of Consent to Join this class action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit "A" and is made a part of this Complaint.

10. Plaintiff is a former employee of Taylor Atlantic who worked for Taylor Atlantic within three years from the date of filing of this Complaint.

11. Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).

12. The Class is defined as follows:

> All persons who are or have been employed by Taylor Atlantic and who were not paid the overtime rate for hours worked beyond forty per week within three years prior to this action's filing date.

## GENERAL ALLEGATIONS

13. Plaintiff and the Class work, or have worked, for Taylor Atlantic within the three years preceding the filing of this complaint.

14. Plaintiff and many of the putative class members are first-generation immigrants from Mexico.

15. Plaintiff and the Class have worked as hourly employees for Taylor Atlantic whose job primarily consisted of demolishing industrial and commercial sites.

16. Taylor Atlantic often requires and directs its hourly employees to work more than 40 hours per week.

17. Despite the fact that Plaintiff and the Class worked more than forty hours per week, Taylor Atlantic refused and failed to pay them the overtime rate as required by law.

18. Defendants' conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Class.

19. Defendant Taylor is involved in the management, supervision and oversight of Defendant Taylor Atlantic; has the ability to hire and fire employees; is involved in and has control of employee compensation, benefits decision and policy making; is involved in Taylor Atlantic's day-to day functions; has a role in determining employees' hourly rates and overtime compensation.

20. Defendant Taylor specifically was involved in the decision to implement certain policies which resulted in Taylor Atlantic failing to pay Plaintiff and the Class overtime wages as alleged herein.

## CLASS ACTION ALLEGATIONS UNDER THE FLSA

21. Plaintiff and the Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and

rules willfully failing and refusing to pay them overtime compensation. The claims of Plaintiff stated herein are the same as those of the Class.

22. Plaintiff and the Class seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to pay employees overtime compensation.

23. The FLSA 216(b) Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Defendants. Notice can be provided to the Class via first class mail to the last address known to Defendants and through posting at Taylor Atlantic's facility in areas where postings are normally made.

### CLAIM FOR RELIEF

*Violation of the Fair Labor Standards Act of 1938, as Amended*

24. Plaintiff, on behalf of himself and the Class, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

25. In the three years from the filing of this complaint, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

26. Taylor Atlantic is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

27. In the three years from the filing of this complaint, Taylor Atlantic was an

employer of Plaintiff and the Class as provided under the FLSA.

28. Taylor Atlantic violated the FLSA by failing to compensate Plaintiff and the Class for overtime compensation for each hour he/she worked over 40 per workweek.

29. Plaintiff and the Class are entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because Taylor Atlantic acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA. Taylor Atlantic's failure to properly compensate Plaintiff and the Class was willfully perpetrated and Plaintiff and the Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

30. Alternatively, should the Court find that Taylor Atlantic did not act willfully in failing to pay overtime premium wages, Plaintiff and the Class are entitled to an award of pre-judgment interest at the applicable legal rate.

31. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Amado Zarate, on his own behalf and on the behalf of all

members of the Class, request the following relief:

a) An order designating this action as a collective action on behalf of the Class and issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

b) An order designating Amado Zarate as the Named Plaintiff and as representative of the Class set forth herein;

c) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

d) An order finding that Taylor Atlantic violated the FLSA laws regarding overtime compensation;

e) An order finding that these violations were willful;

f) Judgment against Defendants in the amount equal to the Plaintiff's and the Class' unpaid wages at the applicable overtime rates;

g) An award in the amount of all liquidated damages and penalties as provided under the FLSA;

h) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

i) Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury pursuant to FED. R. CIV. P. 38(b).

Dated this 2nd day of December, 2013.

                                                    TATE LAW GROUP, LLC

                                                    Mark A. Tate
                                                    Georgia Bar No. 698820
                                                    C. Dorian Britt
                                                    Georgia Bar No. 083259

2 East Bryan Street, Suite 600
Post Office Box 9060
Savannah, Georgia 31401
(912) 234-3030
(912) 234-9700 Fax